LAW LIBRARY

**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

NO. 28255

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
MELISSA CASSIDY CHAMBERLAIN, Defendant-Appellant

K. HAMAKADO CLERK, APPELLATE COURTS STATE OF HAWAI'I

2010 JUL 26 AM 8:10

FILED

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CR. NO. 05-1-0627(3))

SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding J., Fujise and Leonard, JJ.)

Defendant-Appellant Melissa Cassidy Chamberlain (Chamberlain) appeals from the Judgment, Conviction and Probation Sentence (Judgment) filed on October 10, 2006 in the Circuit Court of the Second Circuit (circuit court).[1]  A jury convicted Chamberlain of Negligent Injury in the First Degree, in violation of Hawaii Revised Statutes (HRS) § 707-705 (1993).[2]  The circuit court sentenced Chamberlain to five years of probation, with special conditions including a sixty-day term of imprisonment (stayed pending appeal) and the payment of $208,679.69 in restitution.

On appeal, Chamberlain argues the following:

(1)  The circuit court reversibly erred and violated her rights to due process as guaranteed by Amendments V and XIV to the United States Constitution and article I, sections 5 and 14 of the Hawai'i Constitution, and right to a fair trial as guaranteed by Amendment VI to the United States Constitution and article I, section 14 of the Hawai'i Constitution by submitting a prejudicially insufficient and erroneous response (which we, for convenience's sake, will refer to as a Jury Instruction) to the Jury and Court Communication No. 1.

---

[1]  The Honorable Joseph E. Cardoza presided.

[2]  HRS § 707-705(1) provides that "[a] person is guilty of the offense of negligent injury in the first degree if that person causes serious bodily injury to another person by the operation of a motor vehicle in a negligent manner."

(2)   The circuit court erred and violated her constitutional rights to due process and a fair trial by admitting into evidence at trial irrelevant and unduly prejudicial testimony by the complainant (Complainant).  The testimony concerned Complainant's employment at the time of trial and his skateboarding abilities and aspirations to become a professional skateboarder prior to the November 3, 2004 automobile accident (accident).

(3)   The Deputy Prosecuting Attorney (Prosecutor) committed numerous acts of prosecutorial misconduct throughout the trial that deprived her of her right to a fair trial.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Chamberlain's points of error as follows:

(1)   The circuit court did not reversibly err or violate Chamberlain's constitutional rights by giving the Jury Instruction.  On appeal, Chamberlain does not rebut the presumption that the second enumerated instance of negligent causation in the Jury Instruction (Part 2 of the Jury Instruction), which she contests for the first time on appeal, was correct.  State v. Nichols, 111 Hawai'i 327, 337 n.6, 141 P.3d 974, 984 n.6 (2006).  Part 2 of the Jury Instruction tracks the language of HRS 702-216 (1993) and is not ambiguous.  Chamberlain provides no persuasive authority for the notion that the Jury Instruction is prejudicially insufficient, erroneous, inconsistent, or misleading because it provides no guidance to the jury in "objectively" measuring whether Complainant's injury was too remote or accidental or too dependent on his own negligence to have a bearing on Chamberlain's liability or the gravity of her alleged offense.  State v. Stenger, 122 Hawai'i 271, 281, 226 P.3d 441, 451 (2010).  In the instant case, the circuit court provided the jury with sufficient guidance to determine causation.  State v. Haanio, 94 Hawai'i 405, 415, 16 P.3d 246, 256 (2001) (stating that "jurors are presumed to follow the court's instructions"); State v. Mattiello, 90 Hawai'i 255,

259, 978 P.2d 693, 697 (1999) (stating that it is well-settled that issues dependent upon the credibility of the witnesses and the weight of the evidence are within the jury's province).

(2) The circuit court erred by admitting into evidence Complainant's testimony regarding his employment at the time of trial on the basis that the evidence was relevant to Complainant's credibility. Hawaii Rules of Evidence (HRE) Rules 401, 402, & 403. Nevertheless, the error was harmless because "given the effect to which the whole record shows it is entitled," State v. Sprattling, 99 Hawai'i 312, 320, 55 P.3d 276, 284 (2002), the error did not affect Chamberlain's substantial rights. HRE Rule 403; Hawaii Rules of Penal Procedure Rule 52(a) ("Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded."). Evidence adduced by Chamberlain at trial as well as the court's jury instructions, Haanio, 94 Hawai'i at 415, 16 P.3d at 256, served to counterbalance any improper inference on the part of the jury resulting from admission of the evidence.[3]

(3) The circuit court did not err or violate Chamberlain's constitutional rights by admitting into evidence Complainant's testimony regarding his skateboarding abilities and aspirations to become a professional skateboarder prior to the accident. The evidence showed the extent to which Chamberlain had lost the function of his leg due to the accident, which, in

---

[3] At trial, Defense Counsel cross-examined Complainant extensively about his knowledge that the motorcycle was not insured and he did not have a license to drive it and about the tickets Officer Aoki issued to him for not having insurance and a motorcycle license and for speeding. That testimony supported Chamberlain's theory that Complainant was riding the motorcycle irresponsibly and unsafely at the time of the accident. Further, Defense Counsel cross-examined Complainant about his speed relative to the cars in front of him and where he was looking when he was about to cross the bridge, to support Chamberlain's theory that Complainant was tailgating and inattentive at the time of the accident. This evidence served to counterbalance any improper inference on the part of the jury that Complainant's job responsibilities at the time of trial showed he was responsibly and safely operating the motorcycle at the time of the accident.

With regard to Chamberlain's argument that the evidence unfairly prejudiced her because it led the jury to sympathize with Complainant, the fact that the evidence may have made Complainant more sympathetic to the jury alone is not proof that the evidence was unduly prejudicial. Further, the circuit court instructed the jury to "not be influenced by pity for the defendant," and the jury is presumed to follow the court's instructions. Haanio, 94 Hawai'i at 415, 16 P.3d at 256.

turn, showed how serious his "bodily injury" was, pursuant to HRS § 707-700 (1993).  HRS §§ 707-700 & 707-705.

(4)  The Prosecutor did not commit prosecutorial misconduct that deprived Chamberlain of her right to a fair trial.  State v. Maluia, 107 Hawai'i 20, 26, 108 P.3d 974, 980 (2005) (stating that in making a prosecutorial misconduct determination, a court must consider whether the misconduct was harmless beyond a reasonable doubt); State v. Churchill, 4 Haw. App. 276, 285, 664 P.2d 757, 763-64 (1983) (stating that prosecutorial misconduct must deprive the defendant of a fair and impartial trial if it is to form the basis for setting aside a jury verdict).

Therefore,

IT IS HEREBY ORDERED that the Judgment, Conviction and Probation Sentence filed on October 10, 2006 in the Circuit Court of the Second Circuit is affirmed.

DATED:  Honolulu, Hawai'i, July 26, 2010.

On the briefs:

James S. Tabe,
Deputy Public Defender,
for Defendant-Appellant.

Richard K. Minatoya,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

4